**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAFAEL VIDALS HERNANDEZ** *individually and on behalf of all others similarly situated*,<br><br>**Plaintiff,**<br><br>v.<br><br>**POLLY INC. d/b/a MARTY GRAS BAR & GRILL and MARTIN NOWINSKI,**<br><br>**Defendants.** | Civil Action No. 22-1244 (ES) (JBC)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Plaintiff Rafael Vidals Hernandez brings the following claims on behalf of himself and all those similarly situated against Defendants Polly Inc. d/b/a Marty Gras Bar & Grill ("Marty Gras Bar & Grill") and Martin Nowinski ("Nowinski") (collectively, "Defendants"): (i) overtime payment violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count One); (ii) overtime payment violations under the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a), *et seq.* ("NJWHL") (Count Two); (iii) failure to timely pay wages under the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.* ("NJWPL") (Count Three); and (iv) fraudulent filing of information returns under 26 U.S.C. § 7434 (Count Four). (D.E. No. 1 ("Complaint" or "Compl.")). Before the Court is Defendants' motion for partial dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6), specifically seeking dismissal of Counts One, Two, and Three. (D.E. Nos. 7 & 7-1 ("Mov. Br.") at 1). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P.

78(b); L. Civ. R. 78.1(b).  For the reasons set forth below, Defendants' motion is **GRANTED-in-part** and **DENIED-in-part**.

## I. BACKGROUND

According to the Complaint, Defendant Nowinski operates a restaurant, Defendant Marty Gras Bar & Grill.  (Compl. ¶ 10).  Defendants employed Plaintiff as a cook from approximately December 11, 2005, to December 31, 2020.  (*Id.* ¶ 26).  Plaintiff alleges he was a non-exempt employee entitled to regular and overtime wages for purposes of the FLSA, NJWHL, and NJWPL, which Defendants do not dispute.  (*Id.* ¶ 32).  Throughout his employment, Plaintiff regularly worked six days per week, for a total of approximately 59 hours per week, without breaks.  (*Id.* ¶¶ 28–29).  As of 2007, Defendants paid Plaintiff a fixed salary of $780.00 per week.  (*Id.* ¶ 31).  Defendants did not track the hours Plaintiff worked, nor did they require Plaintiff to record his time.  (*Id.* ¶ 30).  Plaintiff alleges Defendants failed to pay Plaintiff overtime wages as required by law.  (*Id.* ¶¶ 35–36 & 47).

Plaintiff initiated this action on March 7, 2022.  He seeks damages for unpaid overtime under the FLSA for alleged violations that occurred from March 7, 2019, through December 31, 2020, and under the NJWHL for alleged violations that occurred from August 6, 2019, through December 31, 2020.  (*Id.* at 10; D.E. No. 9 ("Opp.") at 8–9 & 12).  On April 18, 2022, Defendants filed the instant motion, which has been fully briefed.  (*See generally* Opp. & D.E. No. 12 ("Reply")).

## II. LEGAL STANDARD

In assessing whether a complaint states a cause of action sufficient to survive dismissal under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *City of Cambridge Ret. Sys. v. Altisource Asset*

*Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In evaluating a motion to dismiss, [courts] may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted) (second alteration in original) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)).

### III. DISCUSSION

#### A. Sufficient Allegations (Counts One and Two)

"The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that exceeds forty hours per week." *Lin v. Fada Grp, Inc.*, No. 20-5942, 2021 WL 4963283, at *3 (D.N.J. Oct. 25, 2021) (citing *Buchspies v. Pfizer, Inc.*, No. 18-16083, 2019 WL 5078853, at *2 (D.N.J. Oct. 10, 2019)); *see generally* 29 U.S.C. § 207. Specifically, the FLSA provides:

> no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate

> not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

"To state a prima facie claim under the FLSA, a plaintiff must allege that (1) he was an employee of the defendant; (2) the defendant was 'engaged in commerce'; and (3) the defendant failed to pay the federal minimum wage or overtime compensation for hours worked in excess of forty in a given week." *Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050, at *3 (D.N.J. May 27, 2022) (first quoting *Perez v. Express Scripts, Inc.*, No. 19-7752, 2020 WL 7654305, at *2 (D.N.J. Dec. 23, 2020); and then citing 29 U.S.C. §§ 206, 207, 216(b)).[1] Defendants appear to only challenge the sufficiency of Plaintiff's allegations as to the third prong of a prima facie claim. *See id.* (*See also* Mov. Br. at 2–4).

The Third Circuit has explained that a plaintiff need not "identify the exact dates and times that [he or] she worked overtime." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014). "[A] plaintiff must, at least, allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Boone v. Solid Wood Cabinet Co.*, No. 17-4333, 2018 WL 2455924, at *2 (D.N.J. June 1, 2018) (citing *Davis*, 765 F.3d at 241–42). For example, a plaintiff's claim that "[he or] she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Davis*, 765 F.3d at 243; *see also Ojeda v. Louis Berger Grp. (Domestic), Inc.*, No. 18-17233, 2021 WL 941875, at *3 (D.N.J. Mar. 11, 2021) (finding the following allegations sufficient: that the plaintiff "was paid

---

[1] Because the NJWHL requirements mirror those of the FLSA, the analysis for sufficient allegations under each statute is the same. *See Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 16-8772, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018); *see also Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010). Therefore, the Court's analysis for sufficient allegations in Count One, brought pursuant to the FLSA, and Count Two, brought pursuant to the NJWHL, is the same.

a flat rate of $150 per day regardless of the number of hours he worked; that he customarily worked 12 or more hours a day; that he consistently worked over 84 hours a week; and that he was not paid overtime"); *Boone*, 2018 WL 2455924, at *3 (finding the following allegations sufficient: the plaintiff "typically worked six days per week[] for approximately 50–60 hours each week and was paid a fixed weekly rate of $600"); *Brown v. Apothaker & Assocs., P.C.*, No. 17-3994, 2018 WL 1605148, at *1–2 (D.N.J. Apr. 3, 2018) (finding the following allegations sufficient: the plaintiff "was paid a salary of $1,211.54 per week[,] . . . typically worked 50 hours per week," and the defendants did not compensate him at a rate of one and one-half times his regular rate of pay "for hours worked in excess of forty (40) in a workweek").

Plaintiff has sufficiently alleged overtime payment violations under the FLSA and the NJWHL. Plaintiff alleges Defendants denied him and those similarly situated "who work or worked in excess of forty (40) hours per week . . . overtime compensation and other wages," specifically, "one and one-half (1.5) times their regular hour rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week." (Compl. ¶¶ 21, 45–47 & 52–54). Moreover, Plaintiff alleges that at all relevant times, he worked approximately 59 hours per week at a fixed weekly salary of $780.00. (*Id.* ¶¶ 26, 28 & 31). Thus, Plaintiff has alleged that he worked at least 40 hours in at least one week while employed by Defendants and was not compensated for hours worked in excess of 40 hours at the required rate of one and a half times his hourly rate of pay. *See* 29 U.S.C. § 207(a)(1). As such, Counts One and Two of the Complaint contain sufficient allegations to state a claim for overtime violations under federal and state law, respectively. *See, e.g.*, *Davis*, 765 F.3d at 241–42.

Defendants argue that Plaintiff fails to state a claim for unpaid overtime because, according to his own allegation that he received a fixed salary of $780.00 per week, he was paid "well in

excess" of applicable *minimum wage* requirements, *including* overtime payments. (Mov. Br. at 2–4). In other words, it is Defendants' position that Plaintiff cannot state a claim because his alleged fixed salary includes overtime if his regular rate of pay is calculated at minimum wage. The Court disagrees. To start, Defendants fail to point to any allegation that Plaintiff was paid minimum wage, and the Court has not found any. Rather, Plaintiff alleges that he is entitled to overtime wages calculated at "his regular hourly rate of pay *or* the minimum wage, whichever is greater." (Compl. ¶ 52 (emphasis added)). Moreover, Defendants fail to cite any case law to support the argument that where an employee is paid a fixed salary, that fixed salary is deemed to include the minimum wage and overtime calculated at the rate of minimum wage.[2] Defendants only contend that Plaintiff's weekly salary "was made to Plaintiff with the knowledge that it would cover minimum wage and all applicable overtime payments to ensure compliance." (Mov. Br. at 4). However, "[a] fixed salary will not be deemed to include an overtime component in the absence of an express agreement to that effect." *Marshall*, 429 F. Supp. at 780 (citing *Warren-Bradshaw*, 317 U.S. at 93). Defendants point the Court to no such agreement regarding Plaintiff's salary.

In an effort to argue that Plaintiff is not owed any outstanding wages, Defendants go to great lengths to calculate what he was owed in overtime wages, assuming that his regular rate of pay was the minimum wage. (Mov. Br. at 2–4). In doing so, Defendants rely on *Seymour v. PPG Indus., Inc.*, 891 F. Supp. 2d 721, 734, 738–39 (W.D. Pa. 2012) (denying the defendant's motion to dismiss the plaintiff's overtime claims). However, Defendants' reliance on *Seymour* is misplaced. There, the court noted that an employee's regular rate of pay depends on the parties'

---

[2] Notably, this argument has been rejected. *See, e.g.*, *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 93 (1942) (rejecting the argument that petitioner paid overtime wages because respondents received wages in excess of the statutory minimum wage, including time and one-half of that minimum wage for all overtime hours); *Marshall v. R & M Erectors, Inc.*, 429 F. Supp. 771, 780 (D. Del. 1977) (rejecting the argument that no back wages were owed because the sum of forty hours compensated at the minimum wage and twenty hours of overtime based on the minimum wage would have been less than the salaries actually paid).

6

compensation agreement and is "[u]ltimately . . . a *factual* issue." *Seymour*, 891 F. Supp. 2d at 733–37.  And Plaintiff need not plead his rate of pay at the motion to dismiss stage to sufficiently state a claim.  *See DeCamillis v. Educ. Info. & Res. Ctr.*, No. 18-11576, 2019 WL 3521959, at *3 (D.N.J. Aug. 2, 2019) (noting that the plaintiff showed "more" than necessary by alleging, among other things, his exact pay rate).  Whether Plaintiff's rate of pay was, in fact, the minimum wage, is a fact to be determined through discovery.  As such, Defendants' argument is premature.

Accordingly, the Court finds that the Complaint sufficiently states a claim for violations of the FLSA and NJWHL under Counts One and Two, respectively.  Defendants' motion is therefore **DENIED** on this issue.

### B.   Statute of Limitations (Counts One and Two)

*FLSA Claim.*  A claim for unpaid overtime under the FLSA "must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a *willful* violation must be commenced within *three* years."  *Acosta v. Holland Acquisitions, Inc.*, No. 15-1094, 2018 WL 6242231, at *5 (W.D. Pa. Nov. 29, 2018) (emphases added) (citing 29 U.S.C. § 255(a) and *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991)).  Defendants argue that because Plaintiff failed to sufficiently allege willfulness, the statute of limitations for any claims under the FLSA must be two years, not three years.  (*See* Mov. Br. at 8–9 & Reply at 4–5). In opposition, Plaintiff argues that he sufficiently alleged willful violation of the FLSA, and thus the three-year limitations period applies.  (Opp. at 9–10).  Thus, to determine the applicable limitations period—two years or three years—the Court must decide whether Plaintiff has sufficiently alleged willfulness.

Courts within our Circuit have addressed the pleading requirement for willfulness at length. "Where a plaintiff alleges willful violation of the FLSA, 'the Court must look at the underlying

7

factual allegations in the complaint to see if they could support more than an ordinary FLSA violation.'" *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 WL 715316, at *2 (D.N.J. Mar. 5, 2012) (quoting *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655, at *4 (D.N.J. July 8, 2010). "[W]illfulness under the FLSA is established where 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited . . . .'" *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "An employer's awareness of possible violations of the FLSA, together with an 'indifference toward the requirements imposed' by the statute supports a finding of willfulness." *Garcia*, 2012 WL 715316, at *2 (quoting *Antoine v. KPMG Corp.*, No. 08-6415, 2010 WL 147928, at *7 (D.N.J. Jan. 6, 2010)); *see also Martin*, 949 F.2d at 1296.

For example, in *Garcia*, the Court found that willfulness was plausibly pleaded where the plaintiff alleged (i) "he was never paid time-and-a-half for any of his overtime hours"; (ii) defendants "kept no records" of his wages or hours; and (iii) he "was not asked to record the hours that he worked." 2012 WL 715316, at *2. Alternatively, courts within the Third Circuit have found the allegations insufficient where a plaintiff fails to plead specific factual conduct indicative of the defendant's willfulness. *See, e.g.*, *Buchspies*, 2019 WL 5078853, at *4 (finding allegations of willfulness insufficient where the complaint asserted only "the conclusory allegation that Pfizer's conduct was willful" but was "otherwise devoid of factual allegations to support Pfizer's knowledge that the alleged conduct was prohibited by the FLSA or a reckless disregard of its obligations under the FLSA"); *Acosta*, 2018 WL 6242231, at *5 ("The only factual allegation present in the Third Amended Complaint is that 'Defendants' own pay records indicate that certain of their employees worked in excess of forty hours for certain workweeks.'").

8

Here, Plaintiff has pleaded sufficient facts to support the reasonable inference that the FLSA violations allegedly committed by Defendants were willful. Specifically, Plaintiff alleges that he worked as a cook for Defendants from approximately 2005 to 2020 (Compl. ¶ 26); he regularly worked an average of 59 hours per week (*id.* ¶¶ 26, 28 & 31); he was never paid time-and-a-half for any of his overtime hours and was instead paid a flat weekly rate regardless of the number of hours worked (*id.* ¶¶ 31, 35–36 & 47); and Defendants neither tracked his hours nor required him to record his time despite Defendant Nowinski's responsibility to "maintain employment records" (*id.* ¶¶ 10, 30).

Defendants argue that conclusory allegations are inadequate to show willfulness, relying on *Buchspies*, 2019 WL 5078853, at *4. (Reply at 4–5). However, unlike in *Buchspies*, Plaintiff's allegations are not conclusory: he asserts that he regularly worked far in excess of forty hours per week and that Defendants failed to pay him any compensation for his overtime hours, failed to keep any record of his hours, and did not ask him to record his time. Therefore, Plaintiff sets forth a facially plausible claim that Defendants "were at least aware of possible violations of the relevant overtime and record-keeping provisions of the FLSA." *See Garcia*, 2012 WL 715316, at *3. Accordingly, because Plaintiff has sufficiently stated a claim for willful violation of the FLSA, the three-year statute of limitations is applicable to his FLSA claims.

Ordinarily, statutes of limitations are raised as defenses in the answer to a complaint. *See* Fed. R. Civ. P. 8(c). However, if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," a statute of limitations defense can be made on a motion to dismiss. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Here, Plaintiff filed his Complaint on March 7, 2022, and seeks unpaid overtime from March 7, 2019, through December 31, 2020. (Opp. at 9, 12). "It is well-settled that '[a] separate

9

cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.'" *Garcia*, 2012 WL 715316, *3 (quoting *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001)); *see also* 29 C.F.R. § 790.21. Applying the three-year statute of limitations for willful violations of the FLSA, Plaintiff's claims for overtime earned within the three years immediately prior to his filing the Complaint on March 7, 2022, are timely. *See Henchy*, 148 F. Supp. 2d at 437. The Complaint does not facially show noncompliance with the statute of limitations with respect to Plaintiff's FLSA claims accruing on or after March 7, 2019. Therefore, Plaintiff's claims under the FLSA arising from alleged violations that occurred from March 7, 2019, through December 31, 2020, are timely as pled. Accordingly, the Court **DENIES** Defendants' motion to dismiss Count One for violation of the FLSA on statute of limitations grounds.

*NJWHL Claim.* Defendants argue that Plaintiff's claims for overtime wages pursuant to the NJWHL are time-barred to the extent that they arise from alleged violations that occurred before August 6, 2019, because the applicable statute was amended from two to six years on that date. (Mov. Br. at 4–8). *See* N.J.S.A. § 34:11-56a25.1 (amended Aug. 6, 2019). However, the Court need not reach the issue because Plaintiff concedes that he only seeks to recover for alleged violations of the NJWHL that occurred after August 6, 2019. (Opp. at 8–9 & 12). Accordingly, the Court **DENIES** Defendants' motion to dismiss Count Two for violation of the NJWHL on statute of limitations grounds.

    **C.**    **Preemption (Count Two)**

Defendants argue that Plaintiff's NJWHL claims are "completely derived from Plaintiff's FLSA claims and are therefore preempted by the FLSA." (Mov. Br. at 10–11). Plaintiff argues

that such preemption is improper under the Third Circuit's ruling in *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2012). (Opp. at 13–14). Defendants do not respond to Plaintiff's argument in their reply brief. For the following reasons, the Court agrees with Plaintiff.

The FLSA's savings clause states: "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218(a). The Third Circuit in *Knepper* found that the presence of the savings clause undermines any suggestion that Congress intended to occupy the field of wage and hour regulation. 675 F.3d at 262. Having come to this conclusion, the Third Circuit held that the Maryland Wage and Hour law, which establishes the same protections as the FLSA, was not preempted by its federal counterpart. *Id.*

The NJWHL is similar to the Maryland Wage and Hour law in that it affords the same protections as the FLSA. *See* N.J.S.A. 34:11-56a4. Defendants ask the Court to dismiss Plaintiff's NJWHL claims on the basis of preemption by relying on *Kronick v. Bebe Stores, Inc.*, No. 07-4514, 2008 WL 4509610 (D.N.J. Sept. 29, 2008). (*See* Mov. Br. at 10). However, in *Kronick*, the court held that the plaintiff's state common law claims, rather than claims pursuant to the NJWHL, were preempted by the FLSA. 2008 WL 4509610, at *8. The second case on which Defendants rely, *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 489–90 (D.N.J. 2014), similarly addressed state common law claims as opposed to claims under the NJWHL. (*See* Mov. Br. at 10). Therefore, the Court finds that Defendants' reliance on *Kronick* and *Gutwirth* is misplaced. Moreover, courts within this District have found that, under *Knepper*, the FLSA does not preempt the NJWHL. *See Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 846–47 (D.N.J.

11

2019) (declining to dismiss plaintiff's NJWHL claims on preemption grounds under *Knepper*); *see also Goldman v. Nexus Consortium, Inc.*, No. 14-2241, 2015 WL 420179, at *4 (D.N.J. Jan. 30, 2015) (same). Defendants provide no other reason for the Court to find that the FLSA preempts the NJWHL. As such, and in light of the Third Circuit's ruling in *Knepper*, the Court **DENIES** Defendants' motion to dismiss Plaintiff's NJWHL claims under Count Two on preemption grounds.

### D.    NJWPL (Count Three)

Finally, Defendants move to dismiss Plaintiff's claims pursuant to the NJWPL, arguing that the NJWPL is the improper statute under which to proceed for recovery of overtime wages. (Mov. Br. at 9). Plaintiff concedes that the Complaint fails to state an actionable NJWPL claim and consents to the dismissal of same. (Opp. at 13 n.3). Accordingly, Plaintiff's claims pursuant to the NJWPL under Count Three are **DISMISSED** *without prejudice.*

## IV.   CONCLUSION

Based on the foregoing, Defendants' motion is **GRANTED** to the extent that it seeks dismissal of Count Three of the Complaint, which is **DISMISSED** *without prejudice*. The motion is otherwise **DENIED**. An appropriate Order follows.

Date: Dec. 21, 2022                                   /s/ Esther Salas
                                                      **Hon. Esther Salas, U.S.D.J.**